UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JASON SARGENT,** | **2:24-CV-12532-TGB-KGA** |
| Plaintiff, | HON. TERRENCE G. BERG |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS (ECF NO. 21)** |
| **BRENDAN STOCKER, JEREMY DRIGGETT, and CITY OF BURTON,** | |
| Defendants. | **AND GRANTING PLAINTIFF'S MOTION TO STAY (ECF NO. 22)** |

On September 26, 2024, Plaintiff Jason Sargent filed the instant action through counsel alleging excessive force and failure to intervene against Defendants Officer Brendan Stocker and Officer Jeremy Driggett under 42 U.S.C. § 1983, as well as a *Monell* claim against the City of Burton. ECF No. 1. Some time during the discovery process, Plaintiff became incarcerated. ECF No. 19. On February 2, 2026, the City of Burton filed a Motion to Dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 21. The individual defendants concurred in the motion. ECF No. 23. On the same day, Plaintiff filed a Motion to stay the proceedings, ECF No. 22, and opposed the motion to dismiss, ECF No. 24.

For the following reasons, Defendant's Motion to Dismiss will be **DENIED**, and Plaintiff's Motion to Stay will be **GRANTED**.

## I. BACKGROUND

### A. Factual Background

According to the Complaint, on or about January 26, 2022, Plaintiff Jason Sargent was involved in an incident where he attempted to stop his pregnant girlfriend from taking medication. ECF No. 1, ¶ 8. Plaintiff alleges that his girlfriend made a false report to the police, in which she claimed that Plaintiff had committed domestic violence. *Id.* at ¶ 9. In response to the report, Defendants Officer Brendan Stocker and Officer Sargent Driggett of the Burton Police Department were dispatched to the scene. *Id.* at ¶ 10. Despite what Plaintiff alleges was compliance, Defendant Stocker violently pulled Plaintiff up and slammed him to the ground, *id.* at ¶ 13, and Defendant Driggett violently charged and tackled Plaintiff to the ground, *id.* at ¶ 14. As a result of Defendant Stocker's and Defendant Driggett's alleged use of excessive force, Plaintiff states he sustained severe physical injuries, including a collapsed lung, multiple abrasions, rib contusion, and a closed rib fracture. *Id.* at ¶ 15.

### B. Procedural Background

Plaintiff filed the instant lawsuit on September 26, 2024 against Defendants Stocker and Driggett for excessive use of force and failure to intervene in violation of 42 U.S.C. § 1983 and against the City of Burton for failure to investigate, train, supervise, and discipline its officers.

Fact discovery was set to close on June 25, 2025. ECF No. 11. But on April 15, 2025, the parties stipulated to extend the deadline to account

2

for Plaintiff's recent incarceration, hindering communication with counsel and delaying the scheduling of his deposition. ECF No. 15. After his release on or around May 13, 2025, Plaintiff appeared for his deposition on June 30, 2025. ECF No. 21-4, PageID.146. However, the deposition was terminated early given Plaintiff's visible agitation and disclosure that he "ha[d] not taken his medication for a few days, he [did] not know how long he ha[d] been off of his meds" since he was released from Genesee County Jail, leading to concerns regarding the parties' ability to obtain legitimate and meaningful testimony. *Id.* at PageID.157.

The deposition was re-scheduled for September 3, 2025. However, Plaintiff became incarcerated again as part of a criminal case pending in front of the Honorable Jeffrey Clothier of the 67th District Court of Michigan. The deposition date was cancelled, the Court granted Defendants' Unopposed Motion for Leave to Take Deposition of Incarcerated Person, the parties coordinated with jail staff to confirm a new deposition date on December 12, 2025, and the parties stipulated to extend fact discovery until January 21, 2026. ECF Nos. 17, 19, & 20.

However, on November 18, 2025, Judge Clothier found Plaintiff to be incompetent to stand trial and ordered him to undergo treatment to render him competent. ECF No. 22-1, PageID.203. The day before the scheduled deposition, on December 11, 2025, Plaintiff's criminal defense attorney informed Plaintiff's civil counsel of Judge Clothier's finding and order, and Plaintiff's civil counsel so informed Defense counsel, who

cancelled the deposition on the ground that it would be "meaningless" if the testimony could be challenged later on. ECF No. 24-1, PageID.224-25. Defense counsel also adjourned the depositions of non-parties, namely Plaintiff's family members, scheduled for January 16, 2026. ECF No. 21-10, PageID.189. Fact discovery was not further extended beyond January 21, 2026.

On February 2, 2026, Defendant City of Burton filed a Motion to Dismiss for Failure to Prosecute, in which the individual defendants concurred. ECF Nos. 21 & 23. That same day, Plaintiff filed a Motion to Stay the Proceedings. ECF No. 22. The Motion to Dismiss is fully briefed, *see* ECF Nos. 23, 24, & 25, but Defendants did not respond to the Motion to Stay.

## II. LEGAL STANDARD

Eastern District of Michigan Local Rule 7.1(a) requires a movant to seek concurrence from the opposing party prior to filing a motion. Specifically, that local rule states that "the movant must ascertain before filing [a motion] whether the contemplated motion ... will be opposed" by "confer[ring] with the other parties and other persons entitled to be heard on the motion[.]" E.D. Mich. L.R. 7.1(a)(1). Local Rule 7.1(a)(2) further provides that "[i]f concurrence is not obtained, the motion or request must state," among other bases, that there was an attempt to initiate a conference but that the parties were not able to obtain concurrence. *Id.* 7.1(a)(2)(A). And Rule 7.1(a)(3) also states that "[t]he court may impose

sanctions for ... violating this rule, which may include taxing costs and attorney's fees, denying the motion, and striking the filing." *Id.* 7.1(a)(3).

Accordingly, "[s]eeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *United States v. Ramesh*, No. 02-80756, 2009 WL 817549, at *6 (E.D. Mich. Mar. 26, 2009)(Cook, J.); *see also Bryce v. Comm'r of Soc. Sec.*, No. 12-14618, 2013 WL 12123666, at *1 (E.D. Mich. Oct. 8, 2013)(Whalen, M.J.) ("[T]he Local Rules, as well as the Federal Rules of Civil Procedure, are called 'rules,' not 'suggestions' or 'guidelines[.]'"). Failure to seek concurrence prior to filing a motion is cause for issuing an immediate denial of the relief requested. *Ramesh*, 2009 WL 817549, at *6.

### III. DISCUSSION

Both Plaintiff's and Defendant's Counsel were obliged by the Court's Local Rules to seek concurrence before filing their respective motions in accordance with E.D. Mich. Local Rule 7.1(a). But on the face of the pleadings, neither party stated that it sought concurrence prior to filing its motion. Failure to comply with the rule is grounds to deny both motions. *See Tubbs Bros., Inc. v. Prime Eagle, LLC*, No. 12-13104, 2012 WL 3065451, at *1 (E.D. Mich. July 27, 2012) (Lawson, J.) ("It is not up to the Court to expend its energies when the parties have not sufficiently expended their own.") (citation omitted).

Nonetheless, the record shows that the parties were communicating about the motions before they were filed. Defendant attached to its

5

Motion to Dismiss, and Plaintiff attached to its Response in Opposition, email correspondence between the attorneys dated January 15, 2026, in which Defense counsel emailed Plaintiff's counsel stating: "It is my understanding that you intend to file a Motion to Withdraw and Motion for Stay. Please note that a Motion to Dismiss the case is also in the works, but I will hold off for a bit to accommodate your plan." ECF No. 21-10, PageID.189 & No. 24-3, PageID.230.

Defense counsel asserts this email "advised [Plaintiff] of the[ir] intention to seek dismissal in the event that opposing counsel did not proceed with the Motion to Withdraw and Stay Proceedings." ECF No. 21, PageID.130. But mentioning that a motion is "in the works," and that the filing will be "h[e]ld off for a bit" without a clear deadline, is akin to "sending an email [about the motion] without engaging the other parties," which fails to satisfy Local Rule 7.1. *See* Comments to E.D. Mich. LR 7.1 (eff. Jan. 1, 2024); *see also Franklin Cap. Grp., LLC v. Austin Bus. Fin., LLC*, No. 22-10947, 2022 WL 3703190, at *1 (E.D. Mich. May 12, 2022)(Lawson, J.) ("[A]nemic attempts" by the parties to seek cooperative resolution "are insufficient to honor either the letter or the spirit of Eastern District of Michigan Local Rule 7.1(a)").

It does appear that some effort was made by Plaintiff's counsel to seek concurrence with the request for a stay. Plaintiff included in his Response to the Motion to Dismiss an additional email correspondence from about two weeks later, on February 2, 2026, showing that at 12:45

p.m., Plaintiff's counsel emailed Defense counsel and asked: "I am filing the motion to stay today. Are you guys concurring?" ECF No. 24-3, PageID.229.

About two hours later, at 2:58 p.m., Defense counsel filed the Motion to Dismiss without ever seeking concurrence for such a motion, and without first responding to the request for concurrence regarding the Motion to Stay. Fourteen minutes after the filing of the Motion to Dismiss, Defense counsel responded to Plaintiff's counsel earlier email, stating:

> As you have probably seen by now, we filed a Motion to Dismiss for lack of progress. I believe this is the more appropriate course. Accordingly, I am unable to concur, although understand if you are asking for this as an alternative to dismissal.

*Id.* Plaintiff's counsel then filed the Motion to Stay at 8:07 p.m., after receiving a negative response to his request for concurrence as required under Local Rule 7.1.

Defendants never responded to the Motion to Stay or addressed the stay alternative in their Reply to their own Motion to Dismiss—even though one of the factors to consider under Rule 41(b) is "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

While Defendants conclusively assert that "less drastic sanctions will not be effective" and that "[t]he fact that a plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent manner," *Snavley v Redman*, 107 F.R.D. 346, 348 (E.D. Mich. Sep. 4, 1985)(La Plata, J.), the considerations are different when a person is *incompetent*. Here, Judge Clothier believes Plaintiff is restorable, and Plaintiff is awaiting to receive, or currently receiving, treatment to restore his competency. ECF No. 22-1, PageID.203. If Plaintiff is restored within a reasonable period of time, he will be able to pursue his claims. If Plaintiff is *not* so restored, Federal Rule of Civil Procedure 17(c) provides a mechanism for incompetent individuals to have equal access to courts by having a representative litigate on their behalf, should they wish to do so, through a next friend or guardian ad litem.

Thus, through the Motion to Stay, Plaintiff seeks an order staying the proceedings until Plaintiff is rehabilitated and deemed competent to stand trial and testify—which testimony both sides admit is critical to the resolution of this matter—or for 90 days until Plaintiff obtains a representative to protect his interests and continue this suit on his behalf. Indeed, district courts have "broad discretion to stay proceedings as an incident to [their] power to control [their] own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Ohio Env't. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) ("The power to stay proceedings is incidental to the power inherent in every

court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and . . . the entry of such an order ordinarily rests with the sound discretion of the District Court.") (citation and internal quotation marks omitted).

Therefore, for failure to seek concurrence under Local Rule 7.1, Defendant's Motion to Dismiss (ECF No. 21) is **DENIED** without prejudice, and Plaintiff's Motion to Stay the Proceedings (ECF No. 22) is **GRANTED**. The proceedings will be **STAYED** until Plaintiff is restored to competency or until further order of this Court, whichever is earlier. Notwithstanding the stay, if Plaintiff is deemed competent by the treatment team or Judge Clothier, his deposition should be taken promptly without further delay. The Court further **ORDERS** that Plaintiff shall **SUBMIT** a Status Report within ninety (90) days of this Order indicating (1) whether Plaintiff has been restored to competency, (2) whether there is reason to believe Plaintiff can be restored to competency within an additional reasonable period of time or cannot be so restored to competency, and (3) whether Plaintiff has obtained a representative to protect his interests in this suit should he be deemed incompetent and unrestorable.

**IT IS FURTHER ORDERED** that a status conference shall be held to discuss further proceedings in this matter on Tuesday, August 18, 2026 at 3:30 p.m.

9

## IV. CONCLUSION

For the foregoing reasons, Defendant City of Burton's Motion to Dismiss (ECF No. 21) is **DENIED**, and Plaintiff's Motion to Stay (ECF No. 22) is **GRANTED**.

**SO ORDERED**.

Dated: May 19, 2026                      /s/Terrence G. Berg_____
                                         TERRENCE G. BERG
                                         UNITED STATES DISTRICT JUDGE

10